UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BETTS, | CASE NO. 4:17 CR 44 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

This matter comes before the Court upon Michael Betts' ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence in accordance with Title 28 U.S.C. § 2255. (ECF #125). The petitioner raises two central grounds for relief: (1) ineffective assistance of counsel and (2) a violation of his due process rights. The Government filed a Response in Opposition and Petitioner filed a reply. (ECF #132, 133). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition (ECF #125) is DENIED in part, and GRANTED in part.

**Factual and Procedural History**

On November 28, 2016, at roughly 1:00am, an officer in Salem, Ohio responded to a report of a suspicious car parked in a commercial parking lot, after business hours were closed, in a location with several prior burglaries. Now-retired Officer Paulin approached Mr. Betts and soon learned via a record check that Betts had an invalid driver's license and that the car had a fictitious license plate. After observing unusual behavior and learning that Betts was looking for an address in an established drug area, Officer Paulin called a drug-sniffing police canine to the

1

scene. While waiting for Betts' car to be towed due to the faulty license and plate, the drug dog alerted to drugs in the car where officers found marijuana, crack cocaine, heroin, multiple phones, a firearm, and a loaded magazine.

Petitioner was indicted on February 1, 2017 in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(iii), for possessing with the intent to distribute cocaine base "crack," 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C),for possessing with the intent to distribute heroin, and 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and ammunition. At trial in November of 2018, a federal jury convicted him on all three counts. (ECF #78). Petitioner's sentencing hearing was conducted on February 28, 2019. The Court sentenced Mr. Betts to 262 months of imprisonment on all counts, followed by 48 months of supervised release. (ECF #86).

Petitioner filed a timely notice of appeal in March of 2019, and in March of 2020 the Sixth Circuit affirmed Petitioner's conviction. (ECF #106). Petitioner then filed a "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (compassionate release)" (ECF #110) and a Motion for Reconsideration (ECF #124), which were denied by the Court (ECF #123, 130). On October 4, 2021, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. Petitioner claims that he is entitled to relief based on ineffective assistance of counsel for multiple errors during his trial and his appeal, and because the Court violated his due process rights in denying his motion to continue the trial date.

### Standards for Relief

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) it is otherwise subject to

collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted); *see also, United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The burden is on the petitioner to prove his constitutional rights were denied or infringed by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### Ineffective Assistance of Counsel

For Petitioner to prevail on an ineffective assistance of counsel claim, they must show that their counsel's performance was deficient, and that the deficient performance prejudiced them to the extent that the proceedings were unfair and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* Judicial scrutiny of counsel's performance must be "highly deferential," as defense counsel's

competence is presumed. *Id; Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Petitioner must rebut this presumption by proving, not simply alleging, that his attorneys' representation was unreasonable under prevailing norms and that the challenged actions were not sound strategy. *Kimmelman*, 477 U.S. at 347. These standards apply equally to ineffective assistance claims against appellate counsel. *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

<u>Claim 1: Counsel failed to let Betts testify on his own behalf</u>

Petitioner first alleges that "after many requests" his attorney failed to allow him to testify during pretrial and trial "to rebut officer's testimony." (ECF #125). Generally, a lawyer's decision to call a witness is considered one of strategy and not subject to review. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). Failing to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense. *Chegwidden v. Kapture*, 92 Fed.Appx. 309, 311 (6th Cir. 2003). There is no evidence that Mr. Betts' testimony would have provided a novel or substantial defense. Rather, Mr. Betts wished to provide his perspective on video cam footage obtained from the stop and arrest, and to dispute factors enumerated for reasonable suspicion. Therefore, Petitioner cannot show that his attorney's strategic decision was deficient or unreasonable.

Even if it could be shown that his attorney's performance was deficient, Petitioner cannot show that the absence of his testimony prejudiced the result of his trial. There is no indication in the record that Mr. Betts was attempting to, and being denied the chance to, introduce evidence or new information in his testimony that would support a substantial defense or alter the results of the trial. Whether Mr. Betts presented testimony to his side of the story or not, the altercation in dispute was captured on video and presented at trial for the jury to reach their own conclusion of events after watching the incident unfold on tape.

Additionally, when a defendant wants to testify against the advice of his counsel, they must affirmatively notify the court of this wish. *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000). Otherwise, "the defendant's assent is presumed." *Id.* Here, Petitioner filed a motion to dismiss counsel prior to the suppression hearing but it was unrelated to his desire to testify. (ECF #27). Petitioner also did not notify the Court in any way that he wanted to testify on his own behalf, despite filing numerous direct communications with the Court for other matters. Therefore, Petitioner waived his right to testify and cannot show that performance of defense counsel was deficient or prejudiced the outcome.

### Claim 2: Counsel failed to hire an expert witness

Petitioner alleges that his counsel "failed to motion court for funds to hire an expert [witness]" for the suppression hearing and trial to testify to canine training techniques and alert methods. (ECF #125). However, the record directly contradicts these claims. Petitioner's counsel filed a motion for authorization to hire a K-9 evidence expert on August 30, 2018 and this motion was granted the next day. (ECF #51, 52). Following this, counsel requested additional time to allow for proper examination of the expert and any information the expert may provide. Therefore, Petitioner cannot show that counsel was deficient in failing to attempt to secure expert testimony. The decision of counsel to not utilize an expert after completing his due diligence is one of trial strategy, where courts are "highly deferential" to counsel's judgement and presume competence. *Strickland*, 466 U.S. at 687. Even if Petitioner demonstrated that counsel's performance was deficient, he cannot show that this failure prejudiced the result of his trial. Petitioner did not offer any evidence that a K-9 expert's testimony strongly supported his defense or would have changed the outcome of trial. Therefore, Petitioner waived his right to testify and cannot show that performance of defense counsel was deficient or prejudiced the outcome.

<u>Claim 3: Counsel failed to properly research and object to Career Offender enhancement</u>

Petitioner also alleges that his counsel failed to "research, investigate, and object to" his Career Offender sentence enhancement based on his prior record. (ECF #125). A defendant was considered a career offender if: 1) the defendant was at least 18 years of age while committing the instant conviction; 2) the instant offense is a felony crime of violence or a controlled substance offense; and, 3) the defendant has at least two prior felony convictions of violent crimes or controlled substance offenses. U.S.S.G. §4B1.1. Petitioner does not dispute that he was previously convicted of a felony crime of violence that serves as a predicate offense here. Rather, Petitioner argues that counsel should have "investigated whether attempted crimes qualified as part of the language" and objected to his second predicate conviction, an attempted controlled substance offense. (ECF #125). However, the record indicates that Petitioner's counsel did in fact research this question and provided Petitioner with a responsive legal opinion about the qualification of his attempt crime (ECF #125 E-2). Therefore, Petitioner cannot show that counsel's performance was deficient in failing to "research" and "investigate" the matter of predicate offenses. Instead, counsel made an informed opinion about the merits of that claim based on the law that existed at the time.

Even if counsel's performance was deficient, Petitioner cannot show that it prejudiced the result of his sentencing. When Petitioner was sentenced in February of 2019, attempts to commit crimes of violence or controlled substance offenses qualified as prior convictions for this statute. U.S.S.G. §4B1.2, note 1. It was not until June of 2019 that the Sixth Circuit issued an opinion holding that the sentencing "[g]uidelines' definition of 'controlled substance offense' does not include attempt crimes." *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019). The Sixth Circuit has "repeatedly held that counsel is not ineffective for failing to predict developments in

6

the law." *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018). Therefore, Petitioner's counsel is not ineffective for correctly interpreting the law at the time of the case, despite it changing shortly thereafter. Because Petitioner was correctly classified as a Career Offender at the time of sentencing, the result of his sentencing would not have changed had his counsel objected to it.

<u>Claim 4: Appellate counsel failed to submit video evidence to the Appellate Court</u>

Petitioner alleges that his appellate counsel was ineffective for failing to submit a video exhibit on appeal. The video in question was filed as an exhibit attached to and incorporated in Petitioner's Amended Motion to Suppress. (ECF #26). Therefore, it was in the record and the Court of Appeals had access to it while considering Petitioner's appeal. Petitioner's appellate counsel was not deficient in his performance for failing to submit an additional physical copy of the video that was discussed in the suppression hearing and appeal. Even if counsel was ineffective, it did not prejudice Petitioner's result because the Court considered other factors, like the testimony and judgment of the officer on the scene, to reach their conclusion.

<u>Claim 5: Appellate counsel failed to litigate the Career Offender designation on appeal</u>

Petitioner alleges that his appellate counsel was ineffective for failing to raise the issue of his Career Offender status on appeal. In June 2019, after Petitioner's trial and sentencing, but before his principal appellate brief was filed, the Sixth Circuit held that attempt crimes were not included in the sentencing guidelines' definition of "controlled substance offense." *Havis*, 927 F.3d at 387. The parties agree that if Mr. Betts was sentenced today, he could not be categorized as a Career Offender because, post *Havis*, his attempted controlled substance offense is no longer an eligible predicate offense subjecting him to that enhancement. When Petitioner's appellate

7

counsel filed his principal brief in October of 2019, he did not challenge Betts' career offender designation, despite the holding in *Havis* several months prior.

A petitioner's claim that he has been misclassified as a career offender is generally not cognizable on collateral review. *See Snider v. United States*, 908 F.3d 183, 189-91 (6th Cir. 2018). More specifically, the Sixth Circuit has held that collateral attacks based on a retroactive application of *Havis* are not cognizable in §2255 proceedings and cannot justify a finding of "extraordinary and compelling" reasons for relief under compassionate release proceedings.[1] *See, Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019); *United States v. McKinnie*, Case No. 21-3608 (6th Cir. January 26, 2022). However, the Sixth Circuit has held that the effects of *Havis* may be reviewed collaterally through a claim for ineffective assistance of appellate counsel. *Bullard* 937 F.3d at 657. In those cases in which sentencing occurred before *Havis* was decided, but the direct appeal of the case was not complete until after the decision, the Court of Appeals invariably remanded the cases back to the district court for resentencing based on *Havis*, if the issue was raised on appeal. *See, e.g, United States v. Powell*, 781 Fed. Appx. 487, 490 (6th Cir. 2019).

The United States concedes that counsel's failure to raise this issue on direct appeal establishes deficient performance because *Havis* had been binding precedent for more than four months at the time Petitioner's appellate brief was filed. (ECF #132, pg. 10); see, *United States v. Carter*, 2021 U.S. Dist. LEXIS 164300 (N.D. Ohio 2021). Further, because the Sixth Circuit consistently applied *Havis* retroactively when it was raised either by the Government or by

---

[1] Indeed, this Court denied Mr. Betts relief when he petitioned for compassionate release based on the changes to career offender designations under *Havis*.

8

defendants on direct appeal, and because the Government concedes that his sentence could have been reduced had it been raised, Mr. Betts has established that this deficiency was prejudicial. *Id.*

### Claim 6: Counsel failed to object to the indictment not having a specific drug quantity

Petitioner further alleges that his trial counsel failed to object to the indictment "not having a specific drug quantity" (ECF #125). An indictment for drug offenses meets constitutional standards when it cites the appropriate section of the statute that provides stiffer penalties, regardless of whether it specifies the quantity of drug. *United States v. Knight*, 63 Fed. Appx. 870, 872 (6th Cir. 2003). In the instant case, Count 1 and 2 of the indictment cited 21 U.S.C. §841 (a)(1) and (b)(1)(B)(iii) and 21 U.S.C. §841 (a)(1) and (b)(1)(C), respectively. (ECF #1). This is sufficiently specific in giving notice to the drug offenses charged and thus does not require a drug quantity to be named. Raising this issue at trial would therefore be frivolous, and counsel cannot be considered ineffective for failing to raise a frivolous claim. *BuBenchik v. Fender*, No. 20-3438, 2021 U.S. App. LEXIS 10992, at *1, *6 (6th Cir. Apr. 15, 2021) (citing *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998)). As such, Petitioner cannot show that counsel's performance was deficient or prejudiced his result.

## Violation of Due Process Rights

### Claim 7: Violation when the Court denied his motion to continue

Finally, Petitioner alleges that the Court violated his Due Process rights when it denied his motion to continue trial (ECF #127). Determining whether a denial of continuance violates due process requires an examination of the facts unique to the case, particularly the reasons presented to the judge when the continuance is requested. *Ungar v. United States*, 376 U.S. 575, 589 (1964). Further, a defendant must show that there was an "unreasoning and arbitrary insistence upon expeditiousness" and that the denial resulted in actual prejudice to his defense.

*United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997) (quoting *United States v. Gallo*, 763 F.2d 1504, 1523 (6th Cir. 1985)).

Here, Petitioner filed for a motion to continue in October of 2018, nearly one month before the trial date. (ECF #54). Petitioner's reasoning was to further review findings of a K-9 expert. However, the Court had previously granted Petitioner a motion for additional time to evaluate a K-9 expert prior to the Motion to Suppress. (ECF #53). Because the Court already granted more time to defense counsel regarding the same issue, and at the time the instant motion was requested there was still one month before trial, the facts of this case do not support a finding of an unreasonable and arbitrary denial.

Additionally, questions regarding the training and handling of the officer's drug dog were resolved in the Motion to Suppress litigation (ECF #69) and were not at issue at trial. At trial, the jury was tasked with deciding whether Petitioner knowingly possessed the contraband in his car. (ECF #97). As such, Petitioner fails to demonstrate that lack of time to further review the findings of a K-9 expert amounted to a substantial defense or resulted in actual prejudice in the outcome of his trial.

### **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

### **Conclusion**

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence In Accordance With Title 28 U.S.C. § 2255 (ECF #125) is DENIED, in part and GRANTED, in part. Petitioner failed to meet his burden under *Strickland* to warrant a finding of ineffective assistance of counsel on claims 1-4 and claim 6. Petitioner also failed to show a violation of his Due Process rights on claim 7.

Petitioner did sufficiently show that appellate counsel's performance was deficient in failing to object to his Career Offender categorization on appeal and that this prejudiced his result. Furthermore, the Government concedes that this failure to litigate constitutes plain error and recommends that the Court grant the §2255 motion on this claim for purposes of resentencing only (ECF #132). The exact length of Petitioner's revised sentence will be determined at a re-sentencing hearing where the parties may present arguments as to the properly applicable sentencing guidelines and balancing of the factors under 28 U.S.C. §3553(a). Mr. Betts' sentence is vacated. The Court will issue a notice of the date for a re-sentencing hearing. Mr. Betts is to remain in the custody of the Bureau of Prisons until resentencing.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: January 28, 2022